IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIE NESBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 08-cv-532-WDS |
| | ) | |
| C.O. WILEY, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, an inmate at the Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks damages for allegedly being sexually harassed by a prison guard. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

## THE COMPLAINT

Briefly, Plaintiff alleges that Defendant Wiley has "sexually harassed" him. The incidents of harassment include Wiley allegedly: (1) grabbing, rubbing, and stroking Plaintiff's arm while talking in a "feminine voice"; (2) stopping by Plaintiff's cell to talk to Plaintiff; (3) "hissing" at Plaintiff while arching his eyebrows in a suggestive manner; and (4) pinching Plaintiff's arm while he was playing cards.

## DISCUSSION

Plaintiff's complaint should be dismissed pursuant to § 1915A. A prisoner's allegation of "sexual harassment" consisting of words and gestures, rather than physical abuse, does not state a claim under the Eighth Amendment. *See Allen v. Wine*, 2008 WL 4691779 at *5 (7th Cir. Oct. 24, 2008). Although Plaintiff in this case alleges more than just words and gestures, he alleges only slightly more. As alleged in the complaint, the alleged physical contact between Wiley and Plaintiff involved only Plaintiff's arm. One incident of rubbing/stroking the arm is alleged; and one incident of pinching is alleged. This alleged physical contact can hardly be called "physical abuse." Taking the allegations as true, the Court does not condone the contact and actions, but they simply do not rise to the level of a constitutional violation.

## DISPOSITION

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice, and all pending motions are now MOOT. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: March 20, 2009.**

                                                   **s/ WILLIAM D. STIEHL**
                                                      **DISTRICT JUDGE**